UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUBLIC RISK MANAGEMENT
OF FLORIDA,

    Plaintiff,

v.                                 Case No. 8:18-cv-1449-MSS-AEP

MUNICH REINSURANCE AMERICA,
INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court upon Defendant's Motion on Entitlement to an Award of Attorneys' Fees and Costs (Doc. 93), Plaintiff's response in opposition thereto (Doc. 96), and Defendant's reply brief (Doc. 99). Following entry of judgment in its favor (Doc. 92), Defendant seeks an award of fees and costs as the purported prevailing party under Federal Rule of Civil Procedure 54, Middle District of Florida Local Rule 7.01, Florida Statutes § 768.79, and Florida Rule of Civil Procedure 1.442. Specifically, Defendant seeks entitlement to an award of $318,839.07 in attorneys' fees and costs incurred from the date Defendant served its proposal of settlement on Plaintiff. Following the filing of Defendant's motion, Plaintiff appealed the order granting summary judgment and the judgment entered against it (Doc. 94). Given the pending appeal, Plaintiff argues that the Notice of Appeal divested this Court of jurisdiction to consider the instant motion or, alternatively, Defendant's motion for attorneys' fees and costs should be abated,

stayed, or held in abeyance until the conclusion of the appeal in this matter (Doc. 96). Plaintiff further argues that Defendant is not entitled to an award of fees under Florida Statutes § 768.79. In reply, Defendant reiterates that it is entitled to an award of fees and costs under Florida Statutes § 768.79 and asserts that a stay is not warranted (Doc. 99).

As Plaintiff contends, however, "deferring ruling on a motion for attorney's fees and costs pending an appeal is a matter within the court's discretion, and courts will defer ruling in the interests of judicial economy." *Truesdell v. Thomas*, Case No: 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (citations omitted); *see Bowers v. Universal City Dev. Partners, Ltd.*, No. 603CV985ORL18JGG, 2005 WL 1243745, at *1 (M.D. Fla. May 19, 2005), *report and recommendation adopted* No. 603CV985ORL18JGG (Doc. 168) (M.D. Fla. June 6, 2005). Rather than stay the matter, the appropriate resolution is denial without prejudice and, to the extent necessary, leave for Defendant to either renew its motion as is or to submit a supplemental motion following appeal. *See Regions Bank v. Legal Outsource PA*, Civ. No. 2:14-476-FtM-PAM-MRM, 2017 WL 11461033, at *1 (M.D. Fla. Apr. 27, 2017) ("This Court's practice is to deny motions for attorney's fees without prejudice when a matter has been appealed."). Indeed, such resolution seems most likely to preserve judicial resources, prevent piecemeal litigation of the issue of an award of attorneys' fees and costs, and promote the interests of efficiency and economy. *See Corey Airport Servs., Inc. v. City of Atlanta*, Civil Action No. 1:04-CV-3243-CAP, 2011 WL 13216938, at *1 (N.D. Ga. Apr. 6, 2011) (agreeing that it

would be an inefficient use of limited judicial resources to address the motion for attorney's fees with an appeal pending). Accordingly, it is hereby

ORDERED:

1. Defendant's Motion on Entitlement to an Award of Attorneys' Fees and Costs (Doc. 93) is DENIED WITHOUT PREJUDICE.

2. To the extent necessary, within fourteen (14) days of the conclusion of the appeal in this matter, Defendant may simply renew its motion or may submit a supplemental motion with any further information it seeks to include for the Court's consideration.

DONE AND ORDERED in Tampa, Florida, on this 9th day of July, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record